JAMES S. EVANS, &c., Appellant, *v.* JAMES GIBSON'S ADM'R, Respondent.

*Partnership.*—Evans v. Gibson, 29 Mo. 223, affirmed.

*Appeal from St. François Circuit Court.*

*Frissell* and *Bush,* for appellant.

*Noell* and *Carter,* for respondent.

BAY, Judge, delivered the opinion of the court.

This case has been in this court before, and is reported in 29 Mo. 223. The petition, as originally framed, made James S. Evans and Jesse R. Evans co-plaintiffs, but the court allowed an amendment to be made by striking out the name of Jesse R. Evans as plaintiff.

The bill contained allegations of both trust and fraud, but the cause was tried and a decree made vesting the property in James S. Evans, plaintiff, upon the theory that he acquired the title by virtue of his purchase at sheriff's sale under execution against A. Reed & Co. The judgment was reversed and the case remanded upon the ground that the decree was a complete departure from the pleadings and based upon a case not averred in the petition, and that the petition itself was radically defective for the reason that it did not aver a dissolution of the partnership of A. Reed & Co., nor that any settlement of the partnership concern had been had, nor that Reed was indebted to the partnership.

The plaintiff, after the cause was remanded, again amended his petition, making Jesse R. Evans co-plaintiff, and averring that the property was purchased with the partnership funds, and for the use and benefit of the partnership; also, a dissolution of the partnership and an adjustment of partnership accounts. Upon the second trial, it appeared in evidence that no part of the consideration money for the purchase of the lots had been paid to Gibson, though, sometime after the title bond given by Gibson to Reed had been returned to Gibson, Evans tendered to Gibson the consideration money, which Gibson declined to receive. It further appeared in evidence that the improvements upon the lots were mostly paid for out of the store of J. S. Evans & Co., of which firm Reed was a member, and that the partnership was dissolved. There was no proof of any adjustment or settlement of partnership accounts, or that Reed was indebted to the firm, nor was there any proof tending to show fraud on the part of Gibson, which, according to the decision of this court in 29 Mo., were essential to entitle the plaintiffs to

the relief prayed for. The plaintiffs also failed to show that the lots were purchased by Reed for the benefit of the firm. Upon the evidence, therefore, as preserved in the bill of exceptions, the court below properly dismissed the bill.

The other judges concurring, the judgment will be affirmed.